Michael K. Friedland (SBN 157,217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
Lauren.Keller@knobbe.com
Daniel C. Kiang (SBN 307,961)
Daniel.Kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 949-760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
Oakley, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD ROBBINS,<br><br>    Plaintiff,<br><br>    v.<br><br>OAKLEY, INC.<br><br>    Defendants. | Case No. 2:18-cv-05116-PA-KS<br><br>The Honorable Percy Anderson<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT OAKLEY, INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** |

## I. INTRODUCTION

The Plaintiff alleges that he is a graffiti artist. One of his works is an abstract design painted on a graffiti-covered brick wall in an alley in San Francisco. Plaintiff alleges that the shapes of the abstract design form a representation of his pseudonym. Plaintiff further alleges that the defendant, Oakley, used a photograph of portions of that design in advertising. From these allegations, Plaintiff asserts two claims for relief—falsification of copyright management information, and copyright infringement. Both claims are defective, and this Court should dismiss them.

A plaintiff asserting a claim for falsification of copyright management information must allege that defendant, (a) intentionally falsified or removed copyright management information, (b) knowing or having reasonable grounds to know that such actions will "induce, enable, facilitate, or conceal an infringement…" 17 U.S.C. § 1202. Here, Plaintiff has not, and cannot, plausibly allege such facts to meet the standard required by the Supreme Court in *Iqbal* and *Twombley*.

Plaintiff does not allege that Oakley removed copyright management information in any conventional sense. Plaintiff does not allege that Oakley cut out a copyright notice or cropped the images to remove the artist's signature. Rather, Plaintiff alleges that the abstract mural is itself copyright management information because, according to Plaintiff, the design and shapes somehow form a representation of a word, and the word is Plaintiff's pseudonym. Thus, Plaintiff alleges, Oakley's reproduction of only a portion of the design constituted a removal of copyright management information. The photograph that Plaintiff includes in the Complaint establishes that this allegation is not plausible. The shapes and designs in the complete work, as shown in the photograph in the Complaint, are utterly unintelligible and cannot plausibly represent the name (or pseudonym) of the Plaintiff or other copyright

-1-

management information. And the omission of portions of the work cannot plausibly constitute the removal of copyright management information. For this reason alone, this Court should dismiss Plaintiff's claim. Plaintiff also cannot plausibly allege that Oakley had the knowledge required by Section 1202. That section requires Plaintiff to prove that Oakley had knowledge or grounds to know that its alleged reproduction of only a portion of the graffiti design would "induce, enable, facilitate, or conceal an infringement…." Under the plausibility standard, a naked assertion of knowledge is not sufficient, and "without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007). Here, Plaintiff has done no more than include a naked recitation of the words of the statute. The complaint does not allege any facts to support that Oakley had knowledge or grounds to know that its alleged reproduction of only a portion of the graffiti design would "induce, enable, facilitate, or conceal an infringement…." To do so, Plaintiff would have to allege facts that are utterly implausible – that Oakley knew, or had reasonable grounds to know: that the unintelligible shapes and designs were letters; that the letters formed a word; that the word was a pseudonym; and that the pseudonym belonged to Plaintiff. Because Plaintiff alleged none of those facts, and Plaintiff cannot plausibly allege any of those facts, Plaintiff's claim for falsification of copyright management information under 17 U.S.C. § 1202 and statutory damages under 17 U.S.C. § 1203 should be dismissed.

Finally, this Court should also dismiss Plaintiff's Complaint because Plaintiff lacks standing. Plaintiff admits that he had not obtained a registration for his work at the time that he filed the instant action. Oakley does not dispute that, under Ninth Circuit precedent, the fact that Plaintiff applied for registration at the time that he filed this action is sufficient to establish standing. However,

there is a split of authority on this question among the circuits, and the Supreme Court has granted *certiorari* to resolve the dispute. *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1341 (11th Cir. 2017), cert. granted sub nom. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 138 S. Ct. 2707 (2018). Accordingly, Oakley moves to dismiss Plaintiff's Complaint for lack of standing.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate when a claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a plaintiff need not give "detailed factual allegations," the plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Moreover, a court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, "[t]he claim must be sufficiently plausible that 'it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.'" *Mora v. U.S. Bank*, No. CV 15–02436 DDP (AJWx), 2015 WL 4537218, at *2 (C.D. Cal July 27, 2015) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). "While a [claim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555, 127 S. Ct. at 1964-65.

/ / /

### III. PLAINTIFF'S CLAIM FOR FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION SHOULD BE DISMISSED

Plaintiff's second claim for falsification of copyright management information in violation of 17 U.S.C. § 1202 should be dismissed because Plaintiff cannot allege that Oakley had the requisite mental state of intentionally removing information with actual knowledge or reasonable grounds to have known that its removal would enable or conceal infringement. 17 U.S.C. § 1202 provides a cause of action for the intentional removal of copyright management information, or distribution of a work with management information removed, knowing that such removal will enable or conceal infringement. 17 U.S.C. § 1202 defines "copyright management information" as "information conveyed in connection with copies or phonorecords of a work or performances or displays of a work," including the "name of, and other identifying information about, the author of a work."

Here, Plaintiff alleges that Oakley violated 17 U.S.C. § 1202 by displaying photographs that show only a portion of Plaintiff's graffiti mural. Plaintiff alleges that the graffiti mural is itself "copyright management information" under 17 U.S.C. § 1202 because the graffiti mural allegedly consists of a "stylized pseudonym" of the Plaintiff. (Plaintiff alleges that he is sometimes known by the name KEPTIONE.) Complaint ¶ 43. As shown below, however, Plaintiff's allegation that the mural itself provides identifying information, the removal of which could enable or conceal copyright infringement is simply not plausible.

/ / /

/ / /

/ / /

/ / /

/ / /



Complaint ¶ 2.

Even accepting as true Plaintiff's allegation that the mural is a stylized version of "KEPTIONE," as shown in the image above, it is impossible for an observer to read KEPTIONE in the mural. Thus, Plaintiff's allegation that the mural itself is copyright management information that identifies its author is not plausible and is an unwarranted deduction of fact that the Court is not required to accept as true. *See Sprewell*, 266 F.3d 988. On that basis alone, this Court should dismiss Plaintiff's claim under 17 U.S.C. § 1202.

Moreover, 17 U.S.C. § 1202 has a mental state requirement. It requires "the defendant to possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' [the] infringement." *Stevens v. Corelogic, Inc.*, No. 16-56089, 2018 WL 3751423, at *4 (9th Cir. June 20, 2018). A plaintiff bringing a 17 U.S.C. § 1202(b) claim "must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi', that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Id.* at *5.

Plaintiff's complaint fails to allege any facts that would support such a showing.

Plaintiff's only allegation of knowledge is a conclusory, formulaic recitation of the language in 17 U.S.C. § 1202. Parroting the statute, Plaintiff alleges that Oakley acted "with the intent to induce, enable, facilitate, or conceal an infringement" and "knew or had reason to know, that such removal and alteration of copyright management information would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiff's copyrights in the Murals." Complaint ¶¶ 43, 45. That conclusory, formulaic recitation of the statute is not sufficient to survive a motion to dismiss. *See Twombly* at 555. A plaintiff must plead specific facts on "malice, intent, knowledge, or other conditions of a person's mind," when it is a required element of a claim to render a claim plausible. *Ashcroft v. Iqbal,* 556 U.S. 662, 686-87 (2009). Further, in view of the fact that it is essentially impossible to find Plaintiff's pseudonym in the allegedly removed copyright management information, it is simply not plausible that Oakley intentionally removed part of the mural knowing that the removal would enable or conceal copyright infringement.

### IV. BECAUSE PLAINTIFF DID NOT HAVE A COPYRIGHT REGISTRATION WHEN HE FILED THE COMPLAINT, PLAINTIFF LACKS STANDING

Plaintiff's first claim for copyright infringement also should be dismissed under Fed. R. Civ. P. 12(b)(6) because Plaintiff did not have a copyright registration for the allegedly infringed work at the time he filed the Complaint. Registration of a copyright is a precondition to filing suit for copyright infringement. 17 U.S.C. § 411(a).

The Ninth Circuit has held that receipt by the Copyright Office of a complete application satisfies the registration requirement of 17 U.S.C. § 411(a). *Cosmetic Ideas, Inc. v. IAC/Interactivecorp.*, 606 F.3d 612, 621 (9th Cir. 2010). However, the circuits are split on this issue. The Tenth and

Eleventh Circuits, for example, require that a Plaintiff have a registration, and not merely a just-filed application, prior to filing suit. *Id.* at 616. The Eleventh Circuit recently held that a plaintiff does not have standing until a registration of the copyright has issued, and "[f]iling an application does not amount to registration." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 856 F.3d 1338, 1341 (11th Cir. 2017), cert. granted sub nom. *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 138 S. Ct. 2707 (2018). The Supreme Court has granted *certiorari* to resolve the circuit split on this issue. *Id.*

Here, Plaintiff filed an application for copyright registration, but the registration has yet to issue. Accordingly, in view of the Supreme Court's grant of *certiorari* on this issue, Oakley moves to dismiss Plaintiff's first claim for relief for copyright infringement.

## V.  CONCLUSION

Plaintiff's second claim for falsification of copyright management information should be dismissed because, as demonstrated by the photograph of the mural that is part of the Complaint, Plaintiff cannot allege that Oakley committed any actions with the requisite mental state of knowing or having reasonable grounds to know that such actions would "induce, enable, facilitate, or conceal an infringement…" Plaintiff's first claim for copyright infringement should also be dismissed because Plaintiff did not have a copyright registration for its allegedly infringed work when he filed the Complaint.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: August 29, 2018      By: */s/ Lauren Keller Katzenellenbogen*
                                Michael K. Friedland
                                Lauren Keller Katzenellenbogen
                                Daniel C. Kiang

                            Attorneys for Defendant,
                            Oakley, Inc.