Michael K. Friedland (SBN 157,217)
Michael.Friedland@knobbe.com
Lauren Keller Katzenellenbogen (SBN 223,370)
Lauren.Keller@knobbe.com
Daniel C. Kiang (SBN 307,961)
Daniel.Kiang@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: (949) 949-760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant,
Oakley, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| DONALD ROBBINS, | Case No. 2:18-cv-05116-PA-KS |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT OAKLEY, INC.'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES** |
| OAKLEY, INC. | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Defendant Oakley, Inc. ("Oakley."), through its undersigned counsel, hereby answers the Complaint of Plaintiff Donald Robbins ("Plaintiff") as follows:

To the extent not specifically admitted herein, the allegations of the complaint are denied.

## SUMMARY OF THE CASE[1]

1. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 1 of the Complaint and on that basis, denies them.

2. Responding to paragraph 2 of the Complaint, Oakley denies the allegation that the mural consists of the highly stylized signature of the artist. Oakley lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 2 of the Complaint and on that basis, denies them.

3. Oakley denies the allegations in paragraph 3 of the Complaint.

4. Oakley denies the allegations of paragraph 4 of the Complaint.

5. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 5 of the Complaint and on that basis, denies them.

6. Oakley denies the allegations of paragraph 6 of the Complaint.

7. Oakley admits that Plaintiff purports to bring an action for copyright infringement and for alteration and removal of copyright management information under the Digital Millennium Copyright Act but denies any grounds therefor. Oakley denies any remaining allegations in paragraph 7 of the Complaint.

/ / /

/ / /

/ / /

---

[1] For the Court's convenience, Oakley has incorporated the section titles that appear in the Complaint. Oakley does not necessarily agree with the characterizations of such section titles and does not waive any right to object to those characterizations.

## JURISDICTION AND VENDUE

8.  Oakley admits that Plaintiff purports to bring an action for copyright infringement and for alteration and removal of copyright management information under the Digital Millennium Copyright Act but denies any grounds therefor. Oakley denies any remaining allegations in paragraph 8 of the Complaint.

9.  Oakley admits that this Court has subject matter jurisdiction over the claims asserted in this action.

10. Oakley admits the allegations of paragraph 10 of the Complaint.

11. Oakley admits that venue is proper in this district. Oakley denies any remaining allegations in paragraph 11 of the Complaint

## THE PARTIES

12. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 12 of the Complaint and on that basis, denies them.

13. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 13 of the Complaint and on that basis, denies them.

14. Oakley admits that it is authorized to do business and does business in Los Angeles County and is a subsidiary of Luxottica. Oakley denies the remaining allegations in paragraph 14 of the Complaint.

15. Oakley denies the allegations in paragraph 15 of the Complaint.

16. Oakley denies the allegations in paragraph 16 of the Complaint.

## GENERAL ALLEGATIONS

**A.  Plaintiffs**

17. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 17 of the Complaint and on that basis, denies them.

18. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 18 of the Complaint and on that basis, denies them.

///

19. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 19 of the Complaint and on that basis, denies them.

**B.   The Murals**

20. Oakley lacks sufficient information or belief to admit or deny the allegations of paragraph 20 of the Complaint and on that basis, denies them.

**C.   Oakley's Advertising Campaign Featuring the Murals**

21. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 21 regarding Plaintiff's authorization and knowledge and on that basis, denies them. Oakley denies all remaining allegations in paragraph 21 of the Complaint.

22. Oakley denies the allegations in paragraph 22 of the Complaint.

23. Oakley denies the allegations in paragraph 23 of the Complaint.

24. Oakley admits that the campaign was intended to promote Oakley's Crossrange eyewear collection. Oakley denies the remaining allegations in paragraph 24 of the Complaint.

25. Responding to paragraph 25 of the Complaint, Oakley admits that its product catalog included shots of models wearing Oakley's products with the murals in the background. Oakley denies all remaining allegations in paragraph 25 of the Complaint.

26. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 26 of the Complaint and on that basis denies them.

27. Responding to paragraph 27 of the Complaint, Oakley admits that the campaign was seen by many customers, appeared in Oakley's social media postings, and appeared inside Oakley's retail stores and on advertising materials and catalogs. Oakley denies all remaining allegations in paragraph 27 of the Complaint.

28. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 28 of the Complaint and on that basis, denies them.

29. Oakley admits that its use of the mural was for advertising purposes. Oakley denies all remaining allegations in paragraph 29 of the Complaint.

30. Oakley denies the allegations in paragraph 30 of the Complaint.

31. Oakley denies the allegations in paragraph 31 of the Complaint.

32. Oakley denies the allegations in paragraph 32 of the Complaint.

33. Oakley denies the allegations in paragraph 33 of the Complaint.

34. Oakley denies the allegations in paragraph 34 of the Complaint.

**First Claim for Relief for Copyright Infringement**

**(By all Plaintiffs, against All Defendants)**

35. Oakley incorporates by reference herein its responses to paragraphs 1-34 of the Complaint.

36. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 36 of the Complaint and on that basis denies them.

37. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 37 of the Complaint and on that basis denies them.

38. Oakley denies the allegations in paragraph 38 of the Complaint.

39. Oakley lacks sufficient information or belief to admit or deny the allegations in paragraph 39 of the Complaint and on that basis denies them.

40. Oakley denies the allegations in paragraph 40 of the Complaint.

41. Oakley denies the allegations in paragraph 41 of the Complaint.

**Second Claim For Relief For Falsification of Copyright Management Information in Violation of 17 U.S.C. § 1202**

**(By all Plaintiffs, Against all Defendants)**

42. Oakley incorporates by reference herein its responses to paragraphs 1-41 of the Complaint.

43. Oakley denies the allegations in paragraph 43 of the Complaint.

44. Oakley denies the allegations in paragraph 44 of the Complaint.

45. Oakley denies the allegations in paragraph 45 of the Complaint.

46. Oakley denies the allegations in paragraph 46 of the Complaint.

47. Oakley admits that Plaintiff purports to seek statutory damages but denies any grounds therefore.

## DEFENSES

Without prejudice to the denials set forth in its responses to Paragraphs 1 through 45 of the Complaint, and without undertaking any of the burdens imposed by law on the Plaintiffs, Oakley asserts the following separate defenses to the Complaint. Oakley expressly reserves the right to allege additional defenses as they become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Plaintiffs have failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(*De Minimis* Copying)

Plaintiff's claim for copyright infringement is barred by the doctrine of *de minimis* copying, as any use of the protectable portions of the asserted work by Oakley was *de minimis*.

### THIRD AFFIRMATIVE DEFENSE
(Fair Use)

Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of fair use, including without limitation pursuant to 17 U.S.C. § 107 and other applicable law.

### FOURTH AFFIRMATIVE DEFENSE
(Waiver, Acquiescence, Consent, or Estoppel)

Plaintiff's copyright infringement claim is barred in whole or in part by the doctrines of waiver, acquiescence, consent, or estoppel.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's copyright infringement claim is barred in whole or in part by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Free Speech)

The Complaint, and each of its claims for relief, is barred by the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the California Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

(Copyright Misuse)

Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's copyright misuse.

**EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff's requested relief is barred by Plaintiff's failure to mitigate its claimed damages.

**NINTH AFFIRMATIVE DEFENSE**

(Public Domain)

The complaint is barred, in whole or in part, because the material allegedly used by Oakley is in the public domain, and therefore is not subject to copyright protection.

**TENTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

The Plaintiff lacks standing to bring the claims asserted in this lawsuit because Plaintiff does not own a copyright registration for its asserted work.

/ / /

/ / /

### ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Subject Matter Jurisdiction)

The complaint is barred, in whole or in part, by lack of subject matter jurisdiction because Plaintiff does not own a copyright registration for its asserted work.

### TWELFTH AFFIRMATIVE DEFENSE

(17 U.S.C. § 120)

The complaint is barred, in whole or in part, because under 17 U.S.C. § 120 photographic representations of an architectural work are not a violation of the copyright in the work.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Innocent Violation)

Pursuant to 17 U.S.C. § 1203(c)(5), any damages award should be reduced or remitted because Oakley was not aware and had no reason to believe that its acts constituted a violation.

### RESPONSE TO PRAYER FOR RELIEF

Wherefore, Oakley respectfully requests:

1. That judgment be entered in favor of Oakley and against Plaintiff on each and every one of Plaintiff's causes of action and that Plaintiff take nothing by its Complaint;

2. That the Court award Oakley its costs of suit and reasonable attorneys' fees pursuant to applicable law, including without limitation 17 U.S.C. § 505;

3. That the Court grant Oakley such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

|  |  |
|---|---|
|  | KNOBBE, MARTENS, OLSON & BEAR, LLP |
| Dated: November 5, 2018 | By: */s/ Lauren Keller Katzenellenbogen* <br> Michael K. Friedland <br> Lauren Keller Katzenellenbogen <br> Daniel C. Kiang |
|  | Attorneys for Defendant Oakley, Inc. |

# DEMAND FOR JURY TRIAL

Defendant Oakley, Inc. hereby demands a trial by jury on all issues so triable.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 5, 2018     By: */s/ Lauren Keller Katzenellenbogen*
Michael K. Friedland
Lauren Keller Katzenellenbogen
Daniel C. Kiang

Attorneys for Defendant Oakley, Inc.

29359091